UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JONATHAN CHRISTOPHER COFFER,

Plaintiff,

v.

OLIVEROS, et al.,

Defendants.

Case No. 25-cv-04140-EKL

**ORDER SCREENING COMPLAINT, PARTIALLY DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Plaintiff Jonathan Christopher Coffer, a *pro se* state prisoner, filed this civil rights action under 42 U.S.C. § 1983, challenging conditions at various state prisons.  ECF No. 1.  The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A(a).  Based on the following reasons, the Court PARTIALLY DISMISSES the complaint with leave to amend as specified below.

I.      **LEGAL STANDARDS**

A.      **Standard of Review**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. § 1915A(b)(1)-(2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### B.    Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act, or fails to perform an act that he is legally required to do, causing the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

## II.    COFFER'S ALLEGATIONS

Coffer's complaint alleges numerous claims related to medical treatment, grievance investigations, and classification decisions made while incarcerated at Salinas Valley State Prison ("SVSP") in Monterey County and California Men's Colony ("CMC") in San Luis Obispo County. *See* ECF No. 1. Coffer seeks monetary damages. *Id.* at 31. Given the number of claims, the Court categorizes them according to the location where they occurred – beginning with claims that occurred at SVSP, then CMC, and finally those where the location is not clear from the allegations. For purposes of this order, the Court uses Coffer's numbering in discussing his

United States District Court
Northern District of California

claims, but notes that while Coffer's complaint begins with Claim 1 and ends with Claim 36, the complaint skips in its numbering and excludes the following numbers: 4, 6, 8, 14-16, 18, 23-25, and 27.

### A.    SVSP Claims

The majority of Coffer's listed claims arose out of a May 12, 2023 incident at SVSP during which Coffer fell down the stairs as he was being escorted by Defendant Correctional Officer Oliveros. *See* ECF No. 1 at 2-10; *id.* at 30. The Court summarizes each of his SVSP claims below.

| Claims | Alleged Facts |
|---|---|
| **Claims 1 & 2:**<br>Eighth Amendment deliberate indifference, negligence | On May 12, 2023, Oliveros was escorting Coffer to a crisis bed while Coffer was stressed out and hearing voices. ECF No. 1 at 3. Oliveros placed wrist chains on Coffer, who had his arm in a sling. Oliveros did not stand next to him or hold Coffer's arm as they walked, and Coffer fell down the stairs. *Id.* Oliveros "was negligent by not properly escorting [Coffer] with cuffs on and as an ADA inmate." *Id.* at 2. |
| **Claim 3:**<br>First Amendment, ability to file grievances | Defendant Michael Brown did not review camera footage of Coffer's medical emergency – presumably his fall down the stairs – in addressing Coffer's grievance regarding the incident. *Id.* at 4. |
| **Claims 5 & 7**:<br>Eighth Amendment, Americans with Disabilities Act ("ADA"), Bane Act | Defendant Nurse Meenu gave Coffer an arm sling but did not give him a bottom tier "chrono"[1] so he would not have to walk up and down the stairs while his arm was in a sling. *Id.* at 5-7. |
| **Claims 9, 10, 11, & 12:**<br>Eighth Amendment, ADA | CDCR housed him in the top tier of the prison despite his use of an arm sling, which was not safe. CDCR did not have signs in the area to "notify [staff] that ADA inmates are not to be on the top tier while disabled." *Id.* at 7. CDCR did not have signs "next to . . . stairways to inform ADA inmates that they should not be housed on upper tiers." *Id.* at 8. CDCR should be required to post signs and symbols to notify ADA inmates. |

---

[1] Within the California Department of Corrections and Rehabilitation ("CDCR"), a "chrono" refers to various forms "used to document information about inmates and inmates' behavior." *In re Cabrera*, 216 Cal. App. 4th 1522, 1526 n.4 (2013).

United States District Court
Northern District of California

| | |
|---|---|
| **Claims 13 & 17:**<br><br>Eighth Amendment, ADA, emotional distress | ADA Coordinator E. Borla, Dr. Lam, Grievance Representative C. Zapata, Appeals Representative C. Martella, Healthcare Analyst V. Alcaraz, and J. Ortega violated Coffer's constitutional rights when they denied his request for single-cell status and concluded that he had "no documentation of a medical issue requiring single[-]cell status." *Id.* at 12, *see id.* at 11-13.  The cells were small and difficult to maneuver in a wheelchair, which Coffer was reportedly using as a result of his fall down the stairs.  *Id.*  Additionally, the Classification Committee – B. Lomeli, R. Ahumada, J. Ortega, and Dr. M. Russel – ignored that Coffer was in a wheelchair when it revoked his single-cell status in June 2023.  *Id.* at 13. |
| **Claims 28, 29, 30:**<br><br>Eighth Amendment, ADA, retaliation, Fourteenth Amendment equal protection | The prison's response to an unspecified grievance stated that Coffer's arm sling had been removed by Chief Support Executive S. Sawyer.  *Id.* at 21-22.  This was not true because the sling was not removed from Coffer's possession.  *Id.* at 22 ("ADA violation of deliberately falsifying documents"). |
| **Claim 36:**<br><br>Eighth Amendment, professional negligence | On May 12, 2023, Coffer was transported to the hospital after he fell down the stairs.  While there, Dr. Cardenas did not perform a CT scan of Coffer's head despite Coffer's request.  If Dr. Cardenas had done so, he would have "noticed" Coffer's concussion.  *Id.* at 30. |

### B.    CMC Claims

Coffer raises additional claims, *e.g.*, Claims 19, 20, 21, 22, and 31, related to the removal of his wheelchair by staff at CMC in San Luis Obispo County, as well as the contents of a medical note by a doctor at the facility.  *See* ECF No. 1 at 14-19; *id.* at 24.

### C.    Claims of Unknown Origin

Coffer also raises several claims, *e.g.*, Claims 26, 32, 33, 34, and 35, for which he does not specify the location of the alleged incidents.  ECF No. 1 at 20; *id.* at 26-28.

In Claim 26, Coffer alleges that Officer Mora and an unidentified nurse were deliberately indifferent when they delayed approximately 30 minutes to provide him with medical care after he told Mora that his head hurt and he felt dizzy.  *See* ECF No. 1 at 20.  In Claim 32, Coffer alleges that an official from the Office of Grievances failed to review unspecified body-worn camera footage showing that Coffer still used his arm sling.  *Id.* at 25.  In Claims 33, 34, 35, Coffer alleges that Nurse Emiliene Traure ordered staff to confiscate Coffer's prescribed walker for non-

medical reasons – Coffer was accused of breaking the window of his cell with the walker – and the walker was not returned or replaced with another mobility device for eight months.[2] *Id.* at 26-29.

**III.    ANALYSIS**

The Court addresses each category of claims below.

**A.    SVSP Claims**

**1.    Claims 1 and 2**

Coffer's claims of deliberate indifference are analyzed under the Eighth Amendment.  The Eighth Amendment forbids the government from demonstrating "deliberate indifference to [the] serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  To state a claim for deliberate indifference, an incarcerated person must show (1) a "serious medical need," and (2) that the prison official acted or failed to act in a way "sufficiently harmful to evidence deliberate indifference." *Estelle*, 429 U.S. at 106; *see McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992).  "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104).  A prison official is considered deliberately indifferent if he or she knows a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837.  The "circumstances, nature, and duration of any deprivation" or alleged conditions are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006).

In Claims 1 and 2, Coffer alleges that Officer Oliveros was deliberately indifferent and negligent when he failed to take precautions as he escorted Coffer down the stairs while Coffer was hearing voices, had his arm in a sling, and was handcuffed, all of which caused Coffer to fall down the stairs.  *See* ECF No. 1 at 2-3.  Liberally construed, Coffer states a cognizable claim of deliberate indifference.  *See Vaughan v. Cnty. of San Bernardino*, Case No. 12-cv-01432-MMM,

---

[2] Coffer lists several other nurses as "Defendants" under Claim 35, but does not provide any information about their specific involvement.  *See* ECF No. 1 at 29.

United States District Court
Northern District of California

2013 WL 12471115, *7 (C.D. Cal. Nov. 6, 2013) (complaint stated a claim for deliberate indifference where inmate fell down while walking handcuffed down the stairs). He also states a plausible claim of negligence under state law. *See Friedman v. Merck & Co.*, 107 Cal. App. 4th 454, 463 (2003) ("The elements of a cause of action for negligence are: duty; breach of duty; legal cause; and damages.").

### 2.    Claim 3

In Claim 3, Coffer raises a related claim against Brown, who allegedly violated Coffer's First Amendment rights by failing to check the security footage of the incident when reviewing Coffer's grievance regarding his fall down the stairs. ECF No. 1 at 4. While prisoners have a right to petition the government for redress of their grievances, they do not have a First Amendment right to any particular response from prison officials. *See Flick v. Alba*, 932 F.2d 728 (8th Cir.1991) (A "prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance."). Coffer fails to state a cognizable constitutional claim, and the claim is therefore DISMISSED. Because any amendment would be futile, the dismissal is without leave to amend. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

### 3.    Claims 5 and 7

In Claims 5 and 7, Coffer alleges that Nurse Meenu was deliberately indifferent, violated the ADA, and violated the Bane Act, by failing to provide a "chrono" requiring his assignment to a bottom housing tier to avoid the need to go up and down the stairs when he did not have the use of both arms to keep balance. *See* ECF No. 1 at 5-7. Liberally construed, Coffer states a claim of deliberate indifference against Nurse Meenu. *See Vaughan*, 2013 WL 12471115, *7 ("[C]ourts have held that if prison officials force inmates with an obvious impairment to descend stairs without adequate assistance, this poses a sufficiently serious risk of harm to state an Eighth Amendment claim.").

Coffer also alleges that Nurse Meenu violated the ADA. *See* ECF No. 1 at 5-7. Title II of the ADA prohibits public entities from discriminating against or excluding the disabled from

participating in or benefitting from a public program, activity, or service "solely by reason of disability." *Lee v. City of Los Angeles*, 250 F.3d 668, 690-91 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara,* 307 F.3d 1119, 1125-26 (9th Cir. 2002). "Discrimination includes a failure to reasonably accommodate a person's disability." *Sheehan v. City & Cnty. of San Francisco*, 743 F.3d 1211, 1231 (9th Cir. 2014), *rev'd in part on other grounds*, 135 S. Ct. 1765, 1768-69 (2015). "To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). Coffer has not stated a cognizable claim for monetary damages under Title II of the ADA. Even assuming that the use of an arm sling constitutes a "disability" for purposes of Title II, Coffer has not alleged that Nurse Meenu intentionally discriminated against him or alleged any facts from which intentional discrimination can be inferred. The ADA portion of this claim is DISMISSED with leave to amend to provide additional information.

Finally, the Court turns to Coffer's assertion that Nurse Meenu violated the Bane Act. The Bane Act provides a private right of action for damages against any person who attempts to interfere with a person's legal and constitutional rights "by threats, intimidation, or coercion." Cal. Civ. Code § 52.1(b). "The essence of a Bane Act claim is that the defendant, by the specified improper means (*e.g.*, threats, intimidation, or coercion), tried to or did prevent a plaintiff from doing something he . . . had the right to do under the law." *Shoyoye v. Cnty. of Los Angeles*, 203 Cal. App. 4th 947, 956 (2012) (quotations and citations omitted). Coffer does not state a claim under the Bane Act, as he has not alleged any threats, intimidation, or coercion by Nurse Meenu. The Bane Act portion of this claim is DISMISSED with leave to amend so Coffer can provide more information if he can do so in good faith.

### 4. Claims 9 through 12

As noted, Coffer alleges in Claims 9 through 12 that CDCR should have installed signs notifying and disallowing disabled inmates from being present in the upper tiers of SVSP. *See* ECF No. 1 at 8-10. While signs may sometimes be required to encourage access to facilities for people with disabilities, Coffer's suggested signage – *e.g.*, signage disallowing individuals with

United States District Court
Northern District of California

disabilities from the top tiers – would likely constitute a violation of Title II of the ADA. *See Lee*, 250 F.3d at 690-91 (public entities may not exclude people with disabilities from participating in or benefitting from a public program, activity, or service "solely by reason of disability."). Even if the signage suggested by Coffer could be helpful for disabled prisoners, he has not shown that the lack of signage was a violation of the ADA. *See Johnson v. Cala Stevens Creek/Monroe, LLC*, 401 F. Supp. 3d 904, 913 (N.D. Cal. 2019) (lack of signage with wheelchair logo, tow-away signage, and stating minimum fine did not give rise to violations of the ADA). This claim is DISMISSED without leave to amend, as any amendment would be futile. *See Wheeler*, 894 F.3d at 1059.

### 5.      Claims 13 and 17

In Claims 13 and 17, Coffer challenges the decision of the Classification Committee, which included Lomeli, Ahumada, Ortega, and Dr. Russel, to remove his single-cell status while he was using a wheelchair. Coffer alleges that his double-cell status violated Title II of the ADA and the Eighth Amendment. ECF No. 1 at 12-13. Coffer does not provide sufficient information about the circumstances of the changed status to state a claim under Title II. In order to show intentional discrimination, Coffer must provide additional information about his wheelchair use, any hardships caused by his double-celling, and whether he requested a reasonable accommodation.

Similarly, Coffer must provide further information to show that the double-cell assignment violated his Eighth Amendment rights. Various courts have rejected claims of deliberate indifference where an inmate's housing assignment is uncomfortable due to their wheelchair use where the deprivation is temporary. *See Sepulveda v. Galindo*, 2022 WL 378194, *8 (S.D. Cal. Feb. 7, 2022); *Marlin v. Raper*, No. 06-cv-0004-SWW/BD, 2007 WL 779710, at *5 (E.D. Ark. Mar. 13, 2007) (noting that the "lack of special facilities for temporarily wheelchair-bound inmates do not objectively constitute serious deprivation"). In order to maintain this claim, Coffer must provide additional information about the length of time he was using the wheelchair in a double cell and provide details about any harm he suffered as a result of the double-celling. Accordingly, Claims 13 and 17 are DISMISSED WITH LEAVE TO AMEND.

United States District Court
Northern District of California

### 6. Claims 28, 29, and 30

In Claims 28, 29, and 30, Coffer alleges that his Eighth Amendment, Equal Protection, and ADA rights were violated by an unspecified individual who provided a response to one of his grievances. *See* ECF No. 1 at 21-22. Specifically, Coffer alleges that his rights were violated because the grievance response falsely stated that his arm sling had been "taken away" by Sawyer. *Id.* at 21. The allegations do not plausibly state a constitutional or ADA claim. It is well established that prisoners do not have a constitutional right to a prison administrative grievance system, or to a specific response if such system exists. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoner's claimed loss of liberty interest in processing of his grievances or appeals does not violate due process because prisoners lack a separate constitutional entitlement to a prison grievance or appeal system); *Flick*, 932 F.2d at 728. Thus, any incorrect information contained in a response to Coffer's grievance does not implicate the Constitution. The claim is DISMISSED without leave to amend. *See Wheeler*, 894 F.3d at 1059.

### 7. Claim 36

In Claim 36, Coffer alleges that Dr. Cardenas, who treated him on May 12, 2023, after his fall down the stairs, was deliberately indifferent and professionally negligent when he failed to order a CT scan. *See* ECF No. 1 at 30. A claim of medical malpractice or negligence is insufficient to establish a violation of the Eighth Amendment. *McGuckin*, 974 F.2d at 1059. Nor does "a difference of opinion between a prisoner patient and prison medical authorities regarding treatment" amount to deliberate indifference. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Without more, Coffer does not state a plausible claim of deliberate indifference. Coffer also does not provide enough information to establish that Dr. Cardenas exhibited professional negligence in failing to perform a CT Scan to help him "notice[]" Coffer's concussion, as it is unclear from the complaint whether Coffer was later diagnosed with a concussion or suffered any injuries as a result of the failure to perform a CT scan. *See* ECF No. 1 at 30; *see also* Cal. Civ. Proc. Code § 340.5(2) (defining professional negligence as "a negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury"). This claim is DISMISSED WITH LEAVE TO AMEND

so Coffer may provide additional information.

### B.   CMC Claims

Coffer raises a series of claims regarding incidents at CMC in San Luis Obispo County, *e.g.*, Claims 19, 20, 21, 22, and 31.  Federal Rule of Civil Procedure 20 provides that all persons "may be joined in one action as defendants if:  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  While "multiple claims against a single party are fine, . . . Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Scott v. McCay*, Case No. 24-cv-01335-HSG, 2024 WL 3033619, at *2 (N.D. Cal. Jun. 17, 2024).

Here, the claims arose at entirely different institutions against different defendants.  They are not part of the same transaction or occurrence described in the majority of the complaint.  Thus, these claims and defendants are improperly joined.  Moreover, CMC is located in the Central District of California, and venue for these claims lies in the Central District, rather than in the Northern District.  *See* 28 U.S.C. §§ 84(c)(2), 1391(b)(2).  Accordingly, the Court finds that Claims 19, 20, 21, 22, and 31 are not subject to joinder and must be pursued in new lawsuit(s).  *See* Fed. R. Civ. P. 20(a)(2).  These claims are DISMISSED WITHOUT PREJUDICE to raising them in new lawsuit(s) in the appropriate venue.

### C.   Claims of Unclear Origin

Finally, Coffer raised five claims without specifying the location of the incidents.  *See* ECF No. 1 at 20; *id.* at 25-28.  Without further information, it is unclear whether these claims are properly joined.  *See* Fed. R. Civ. P. 20(a)(2).

In Claim 26, Coffer alleges that his Eighth Amendment rights were violated when Mora and an unidentified nurse delayed providing him with medical care for 30 minutes after he reported feeling dizzy and having a headache.  ECF No. 1 at 20.  He also alleges that he fainted. *Id.*  A 30-minute delay in providing medical care is unlikely to rise to a constitutional violation unless Coffer can demonstrate that the symptoms were serious, such that a 30-minute delay was

10

unreasonable and resulted in harm. *See McGuckin*, 974 F.2d at 1060 ("'[M]ere delay'" does not constitute deliberate medical indifference unless the denial was "'sufficiently harmful.'"). This claim is DISMISSED WITH LEAVE TO AMEND so he may provide more information, including the name of the nurse and location of the incident. Alternatively, if this incident was unrelated to the May 12, 2023 incident, Coffer may raise this claim in a new lawsuit in the appropriate venue.

In Claim 32, Coffer alleges that an official from the Office of Grievances violated his Eighth Amendment rights and the ADA when he or she failed to review body-worn camera footage from an unspecified incident in connection with a grievance. *See* ECF No. 1 at 25. As stated above, Coffer's allegation that the grievance investigation was not to his standards or did not consider all possible evidence does not amount to a constitutional violation. *See Ramirez*, 334 F.3d at 860; *Flick*, 932 F.2d at 728. Moreover, there is no plausible likelihood that the Office of Grievances' failure to view body-worn camera in evaluating Coffer's grievance violates the ADA. This claim is DISMISSED without leave to amend. *See Wheeler*, 894 F.3d at 1059.

In Claims 33 through 35, Coffer alleges that Nurse Traure took his walker for non-medical reasons and that he did not receive another mobility device for eight months after the walker was taken from him. *Id.* at 26-28. This may state a cognizable claim under the Eighth Amendment and the ADA; however, in addition to not including information about where the incident took place, it is unclear whether the claim is properly joined. The claims appear to involve incidents unrelated to the vast majority of Coffer's cognizable claims, and have been raised against a defendant who was not named in any of the other claims. In an abundance of caution, Claims 33 and 35 are DISMISSED WITH LEAVE TO AMEND so Coffer may provide more information about the location and circumstances of these claims. Alternatively, if these claims are unrelated to the May 12, 2023 incident, Coffer may raise them in a new lawsuit in the appropriate venue.

## IV.    CONCLUSION

The Court orders as follows:

1.    As to Claims 1 and 2, Coffer has stated a cognizable Eighth Amendment claim and state law negligence claim against Officer Oliveros for the May 12, 2023 incident, during which

he fell down the stairs as he was being escorted to a crisis cell. As to Claims 5 and 7, Coffer has stated a claim as to some of the claims alleged. Specifically, Coffer has stated a cognizable Eighth Amendment claims against Nurse Meenu for the same May 12, 2023 incident.

2.      Claims 19, 20, 21, 22, and 31 (claims arising from incidents at CMC) are DISMISSED WITHOUT PREJUDICE to Coffer raising them in a new lawsuit in the appropriate venue.

3.      Claims 3 (failure to review camera footage), Claims 9, 10, 11, 12 (ADA claims concerning lack of signage), and Claims 28, 29, and 30 (claims alleging that grievance response contained false information) are DISMISSED without leave to amend.

4.      Claims 5 and 7 (as to the ADA and Bane Act claims); Claims 13, 17 (ADA claims related to double-celling classification); Claim 26 (Eighth Amendment claim related to 30-minute delay in providing medical care for dizziness and headache); Claims 33, 34, 35 (ADA and Eighth Amendment claims regarding confiscation of walker); and Claim 36 (medical claims against Dr. Cardenas) are DISMISSED WITH LEAVE TO AMEND as outlined above.

5.      The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words "Amended Complaint" on the first page. Because an amended complaint completely replaces the original complaint, Coffer must include in it all the claims he wishes to present, as well as any defendants he wishes to name. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time may result in the lawsuit proceeding only as to Claims 1, 2, 5, and 7 (for the Eighth Amendment deliberate indifference claims against Oliveros and Meenu for the fall down the stairs, and negligence claim against Oliveros for the same).

6.      It is Coffer's responsibility to prosecute this case. Coffer must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do

so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 25, 2026

Eumi K. Lee
United States District Judge